IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-41218
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMILIO GULIO MONTANEZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-96-CV-194
- - - - - - - - - -
February 27, 1998
Before REAVLEY, KING and DAVIS, Circuit Judges.

PER CURIAM:[*]

Emilio Gulio Montanez, federal prisoner # 61971-079, pleaded guilty to possession with intent to distribute crack cocaine. Montanez filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 contending that his counsel had a conflict of interest because he also represented the two other individuals apprehended and indicted with Montanez, Miguel Valasquez and Wilmar Gonzalez. Montanez also asserted that the district court failed to conduct a hearing as recommended in United States v.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garcia, 517 F.2d 272 (5th Cir. 1975) to determine whether Montanez's waiver of his counsel's conflict of interest was voluntary.

To establish an ineffective assistance of counsel claim based upon a conflict of interest, a petitioner must show that his counsel "actively represented conflicting interests" and that an actual conflict of interest adversely affected counsel's performance. Cuyler v. Sullivan, 446 U.S. 335, 350 (1980). "Prejudice is presumed . . . only if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected counsel's performance." United States v. McCaskey, 9 F.3d 368, 381 (5th Cir. 1993), cert. denied, 114 S. Ct. 1565 (1994).

Assuming that counsel had an actual conflict of interest, that was not waived, Montanez has not shown that his counsel's conflict of interest affected the voluntariness of his plea. There is nothing in the record to suggest that the Government even wanted Montanez's cooperation with respect to the codefendants. The record does show that the Government unsuccessfully sought Montanez's cooperation against the source of the crack cocaine. Montanez has done no more that speculate, in contradiction to the evidence in the record, that he would have been able to get a better deal had his counsel not represented his codefendants. This is not sufficient to

establish that his counsel was ineffective due to a conflict of interest.

AFFIRMED.